OPINION
Defendant Sean M. Catalogna appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, convicting and sentencing him for two counts of rape in violation of R.C. 2907.02 and two counts of gross sexual imposition in violation of R.C. 2907.05, after appellant withdrew his original plea of not guilty and entered a guilty plea pursuant to North Carolina v. Alford (1970),400 U.S. 25. Appellant had originally been indicted for two counts of rape, two counts of sexual battery, and two counts of gross sexual imposition involving two minors. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT CONSECUTIVELY ON COUNT'S ONE AND TWO. [SIC]
 II. THE TRIAL COURT ERRED IN THE FINDING THAT APPELLANT WAS A SEXUAL PREDITOR [SIC].
The State alleged appellant had sexually molested his girlfriend's two children on multiple occasions when he was babysitting for them. The trial court conducted a hearing on the change of plea, and after extensive dialogue with appellant accepted appellant's guilty plea. The trial court sentenced appellant to nine years on each of the rape counts, to be served consecutively to each other, and four years on each count of gross sexual imposition, to run concurrent with the rape sentences. The trial court also adjudicated appellant a sexual predator.
 I
In his first assignment of error, appellant urges the trial court should not have sentenced him consecutively on the two rape counts. R.C. 2953.08 directs this court to modify or vacate a sentence if we clearly and convincingly, find, inter alia, that the record does not support the sentence or if it is contrary to law. The statute directs us to review the record, including pre-sentence reports, the trial record, the record of the sentencing hearing, and any written findings the trial court may have made. Appellant directs our attention to R.C. 2929.14(E)(3). That statute states in pertinent part: (3) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender, that the seriousness of the offenses requires consecutive service, or that the danger posed to the public by the offender is great unless consecutive service is required, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
At the sentencing hearing, the trial court stated:
 "* * * consecutive sentences are not, disproportionate to the seriousness of your conduct, and to the danger you pose to the public * * *"
The trial court's judgment entry of October 12, 1999, found consecutive sentences are necessary to protect the public from future crime and to punish the defendant; are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public; the harm caused to the victims, children ages 7 and 8, by the multiple offenses is so great or unusual that no single prison term for any of the offenses as part of the course of conduct adequately reflects the seriousness of defendant's conduct; and that the defendant's history of criminal conduct demonstrates consecutive sentences are necessary. Appellant had a prior conviction for gross sexual imposition. Our review of the record leads us to the conclusion appellant's sentence is not contrary to law, nor is it against the manifest weight of the evidence presented to the trial court. The first assignment of error is overruled.
 II
In his second assignment of error, appellant urges he should not have been found to be a sexual predator. R.C. 2950.09 sets forth the factors the trial court shall consider in making a determination regarding an offender's status. Those factors include:
(2) In making a determination under divisions (B)(1) and
 (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Although appellant's assignment of error is not specific, from his brief it appears he challenges the trial court's classification as being against the manifest weight of the evidence presented. In the seminal case of State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court addressed a similar challenge under a manifest weight standard of review, Cook, at 426. In Cook, the Supreme Court found R.C. Chapter 2950 is remedial in nature and not punitive, and for this reason, we review manifest weight claims under the standard of review contained in C.E. Morris Company v. Foley Construction Company (1978), 54 Ohio St.2d 279. Morris holds that judgments supported by some competent and credible evidence going to all the essential elements of the case must not be reversed as being against the manifest weight of the evidence, Morris, syllabus by the court. At the hearing, the State presented evidence that appellant was 25 years old at the time of the present offense, and had a prior conviction for gross sexual imposition when he was 18 years. The two victims in this case were under 13 years old. Appellant urges the record contains no indication of alcohol and drug usage, no mental illness, and no cruelness towards the victims. The State points out that although appellant served a term in prison prior to the instant offense, there was no evidence he participated in a sex offender treatment program. Appellant was living with the mother of the victims, and babysitting the children when these offenses were committed. We find the trial court's determination that appellant should be classified as a sexual predator is supported by the evidence in the record. Accordingly, the second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
Hoffman, J., and Edwards, J., concur.